# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **EDDIE LEE WEBB, SR., and ROBERTA WEBB,** | ) ) ) | **CIVIL ACTION NO.** |
| Plaintiffs, | ) ) ) | _____ |
| v. | ) ) | |
| **STEELSUMMIT HOLDINGS, INC.,** d/b/a Magic Steel, | ) ) ) | |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant SteelSummit Holdings, Inc., d/b/a Magic Steel, ("Magic Steel" or "Defendant") gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, as Case No. 01-CV-2022-900375.00, to the United States District Court for the Northern District of Alabama, Northeastern Division. A copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as **Exhibit A** and referenced herein.

In support of this notice of removal, Defendant states as follows:

45342228 v1

## I. <u>INTRODUCTION</u>

1.	Plaintiffs Eddie Lee Webb, Sr. and Roberta Webb commenced this action by filing a complaint against Magic Steel in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2022-900375.00, on or about February 8, 2022.

2.	Plaintiffs's complaint arises from an accident that allegedly occurred on January 29, 2022, when Plaintiff Webb arrived to Defendant Magic Steel's ("Magic Steel") facility in Decatur, Alabama to transport a load of steel products.

3.	In the complaint, Plaintiffs allege that Defendant Magic Steel failed to properly load steel products onto Plaintiff Webb's commercial vehicle and/or failed to properly secure the steel products once they were loaded onto Plaintiff Webb's truck, which caused or allowed steel materials to fall from Plaintiff Webb's truck and strike Plaintiff Webb causing permanent physical injuries.

4.	Plaintiffs alternatively allege Magic Steel used improper, unsafe, and/or incorrect materials when attempting to secure the steel products once they were loaded onto Plaintiff Webb's truck.

## II. <u>TECHNICAL REQUIREMENTS FOR REMOVAL</u>

5.	This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

6.	On February 8, 2022, Plaintiffs filed a complaint (the "<u>Complaint</u>") against Magic Steel and fictitious defendants in the case titled *Eddie Webb Sr.,*

*Roberta Webb v. SteelSummit Holdings, Inc. d/b/a Magic Steel*, in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2022-900375.00 ("State Court Action"). (*See* Exhibit A.)

7. Magic Steel was served on February 11, 2022.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Magic Steel received a copy of the Complaint.

9. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 123(a)(4) and § 1441(a).

10. Moreover, as discussed more fully below, this Court has original jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs and Magic Steel are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### III. DIVERSITY JURISDICTION

11. This case is properly removable pursuant to 28 U.S.C. § 1332 because the amount-in-controversy exceeds $75,000.00, and the action is between citizens of different states. *See* 28 U.S.C. § 1332.

**A. The Webbs and Magic Steel are Completely Diverse.**

12.     Complete diversity exists between Plaintiffs and Magic Steel.

13.     Plaintiff Eddie Lee Webb, Sr. is a citizen of Alabama for purposes of diversity jurisdiction. (*See* Compl. ¶ 1).

14.     Plaintiff Roberta Webb is a citizen of Alabama for purposes of diversity jurisdiction. (*See* Compl. ¶ 2).

15.     Defendant SteelSummit Holdings, Inc. d/b/a Magic Steel is a Delaware corporation with its principal place of business in Tennessee. (*See* Compl. ¶ 3; Affidavit of Edmond Luz, submitted as **Exhibit B**; Delaware Secretary of State Information, submitted as **Exhibit C**).

16.     Accordingly, the parties are completely diverse, as Plaintiffs are citizens of Alabama and Defendant Magic Steel is a citizen of Delaware and Tennessee.

**B. The Amount in Controversy Exceeds $75,000.**

17.     Removal is also proper because the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. While the plaintiffs do not specify the amount of damages they seek, it is facially apparent from the face of the complaint that the amount in controversy more likely than not exceeds $75,000. *See Farris v. Stryker Corporation*, (N.D. Ala., May 3, 2019) (citing *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1060–66 (11th Cir.)).

18. In the complaint, Plaintiffs allege "catastrophic and permanent physical injuries, including but not limited to, crush injuries to his lower extremities requiring Plaintiff's left foot and right leg to be amputated as a direct result." (*See* Compl. ¶ 12). Plaintiffs claim damages for pain and suffering, loss of income and loss of future earning abilities, permanent physical handicaps, ongoing and future medical care needs, past and future medical bills and expenses, out of pocket costs and expenses, loss of enjoyment of life, mental anguish, emotional distress, and the loss of companionship. (*See* Compl. ¶¶12, 13). Plaintiffs seek compensatory and punitive damages. (*See* Compl. *ad damnun* clause following ¶ 21).

19. The face of the complaint establishes that the amount in controversy in this catastrophic personal injury case more likely than not exceeds $75,000.00, exclusive of interest and costs. *See Farris*, 2019 WL 1979451 at *2 ("Here, the face of the complaint, viewed in the light of the court's judicial experience and common sense, establishes that the amount in controversy in this case more likely than not exceeds $75,000.)

20. Accordingly, this case is properly removable because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV. OTHER REQUIREMENTS FOR REMOVAL

21. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as Exhibit A.

22. Contemporaneously with the filing of this Notice of Removal, Magic Steel will provide Plaintiffs, by and through its counsel of record, with written notice of the filing of this Notice of Removal as required under 28 U.S.C. § 1446(d). Further, Magic Steel will file a Notice of Removal timely with the Clerk for the Circuit Court of Jefferson County, Alabama, where the action was pending.

23. The proper filing fee has been tendered to the Clerk of the United States District Court of the Northern District of Alabama.

24. All prerequisites for removal has been met.

## V. ADOPTION AND RESERVATION OF DEFENSES

25. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Magic Steel's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to

join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE,** Magic Steel requests that this Court take cognizance and jurisdiction of this cause and enter any and all Orders necessary to effectuate the removal of this cause to this Honorable Court.

Respectfully submitted this 14th day of February, 2022.

>/s/ Turner B. Williams
>Turner B. Williams (ASB-6757-A53T)
>Al F. Teel (ASB-2400-O84V)
>Madeline E. Hughes (ASB-4428-D19F)
>Burr & Forman LLP
>420 North 20th Street, Suite 3400
>Birmingham, AL 35203
>Telephone: (205) 458-5205
>twilliams@burr.com
>ateel@burr.com
>mhughes@burr.com
>
>Attorneys for STEELSUMMIT HOLDINGS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following parties by U.S. First Class Mail, postage prepaid, or electronic mail on this the 14th day of February, 2022:

Erby J. Fischer
Morgan & Morgan Birmingham, PPLLC
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
efischer@forthepeople.com

         */s/ Turner B. Williams*
         OF COUNSEL